**In re Donna L. FLYNN a/k/a Donna Flynn, Debtor.**

**FIRST CARD SERVICES, INC., Plaintiff,**

v.

**Donna L. FLYNN a/k/a Donna Flynn, Defendant.**

Bankruptcy No. 894–83326–20.
Adv. No. 894–8369–22.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

June 30, 1995.

John Thomas Roesch, East Meadow, NY, for debtor/defendant.

Paul J. Hooten, Port Jefferson Station, NY, for plaintiff.

## DECISION AND ORDER

EDWARD J. RYAN, Bankruptcy Judge.

This matter is before the court on the complaint of First Card Services, Inc. objecting to the discharge of the debt owed to it by Donna L. Flynn. Trial was held on April 26, 1995.

First Card Services alleges that debtor incurred charges, cash advances, fees and costs through false pretenses, false representation or actual fraud under 11 U.S.C. § 523(a)(2)(A).

＊　　＊　　＊　　＊　　＊　　＊

Debtor filed a petition for relief under chapter 7 of Title 11 on June 8, 1994. On the filing date debtor owed First Card Services $7,431.09, exclusive of costs and attorney fees.

The credit card account was opened in January of 1994. Between January 29, 1994, and March 3, 1994, debtor withdrew cash on three occasions totalling $3,700.00. During that period she also made or authorized forty-two transactions for items such as china, toys, lingerie, and liquor. Debtor made two payments of $49.00 and $203.00 on February 25, 1994, and March 24, 1994, respectively.

Debtor was unemployed and had no income in 1992, 1993, and 1994. She stated that she planned to return to work and that she intended to repay the debt by borrowing from her new husband who earned $40,000.00 in 1994 and $38,000.00 in 1993 and 1992.

Debtor's schedules show unsecured non-priority debt totalling $63,000.00. Credit card debt accounts for $59,000.00 of that total. Her schedules further reveal that on the petition date her husband's monthly net income was $2,745.49, her expenses were $4,388.74 exclusive of payments on credit card debt, her assets totalled $30,650.00, and her liabilities totalled $129,400.00.

＊　　＊　　＊　　＊　　＊　　＊

■ In order to prevail on its complaint, First Card Services must show (1) that debtor obtained credit through representations that she knew were false or which were made with reckless disregard for the truthfulness; (2) that debtor had an intent to deceive; and (3) that First Card Services actually and reasonably relied on debtor's misrepresentation to its detriment. *In re Hutchinson*, 27 B.R. 247 (Bankr.E.D.N.Y.1983); *In re Senty*, 42 B.R. 456 (Bankr.S.D.N.Y.1984); *In re Dougherty*, 143 B.R. 23 (Bankr.E.D.N.Y. 1992).

■ The standard of proof is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). First Card Services has met the standard.

＊　　＊　　＊　　＊　　＊　　＊

■ Each time a credit card is used for payment, the cardholder represents that he has the ability and the intent to repay the debt. *In re Hutchinson*, supra at 250; *In re Senty*, supra at 459. That debtor reasonably intended to repay the charges she incurred strains credulity. Debtor cannot ignore the reality of his financial situation and still maintain that he has a "good faith intent" to repay. *In re Preece*, 125 B.R. 474 (Bankr. W.D.Tex.1991).

■ Intent to deceive may be inferred from the circumstances of each case. Here debtor continued to accumulate debt for items not considered to be necessities even though she was unable to repay it and was hopelessly insolvent.

Also, the nature of the credit card transaction compels a finding of the third element, namely detrimental reliance. The credit card issuer has guaranteed to pay the merchant in reliance on the cardholder's implied "good faith" intent to repay. *See: In re Senty*, supra at 460.

Based upon the facts and the law, Donna Flynn's debt to First Card Services in the amount of $7,431.09 is non-dischargeable.

IT IS SO ORDERED.